IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TED BELL**                                                                                                           **PETITIONER**

v.                                                                            **CIVIL ACTION NO. 3:22-cv-333-KHJ-MTP**

**WARDEN THOMAS**                                                                                         **RESPONDENT**

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Respondent's Motion to Dismiss [27] and *sua sponte* upon Petitioner's failure to prosecute and failure to comply with the Court's prior order. For the reasons set forth below, the undersigned recommends that this matter be dismissed with prejudice.

On January 3, 2022, Petitioner filed this action in the United States District Court for Northern District of Texas. At the time he filed this action, Petitioner was incarcerated in the Federal Correctional Institution in Yazoo City, Mississippi. He complained about a state "detainer" which allegedly prevented him from entering a re-entry program. *See* Complaint [1]; Petition [7]. The district court in Texas construed Petitioner's pleadings as a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Order [8].

On June 15, 2022, the Texas court transferred the action to this Court. *See* Order [19]. Thereafter, this Court ordered Respondent to file an answer or other responsive pleading. *See* Order [22]. On October 27, 2022, Respondent filed a Motion to Dismiss [27]. According to Respondent, Petitioner was released from custody on August 12, 2022. Respondent argues, among other things, that Petitioner's release renders this action moot and that Petitioner has failed to prosecute this action.

1

Petitioner did not file a response to the Motion to Dismiss [27]. On February 16, 2023, the Court ordered Plaintiff to show cause, in writing, why this action should not be dismissed as moot. *See* Order [28]. The Court directed Petitioner to respond to the Order [28] on or before March 2, 2023. Petitioner failed to respond to the Order [28].

An action is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 2007 WL 627580, at *1 (5th Cir. Feb. 22, 2007) (citing *Baily v. Southerland*, 821 F.2d 277, 278 (5th Cir. 1987)). The issue of whether a case is moot presents a jurisdictional matter because it implicates the Article III requirements that an actual controversy exist at all stages of federal court proceedings. *Bailey*, 821 F.2d at 278. A moot case "presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Adair v. Dretke*, 150 Fed. Appx. 329, 331 (5th Cir. 2005).

In this case, Petitioner sought placement in a re-entry program. Since he has been released from custody, his request for relief is moot, and this Court is without jurisdiction to consider the issues raised by his petition. *See Salter v. Chandelr*, 2014 WL 4409849, at *1 (N.D. Tex. Sept. 8, 2014) ("Because Petitioner has been released from federal custody, this court can no longer provide him with the relief he seeks—*i.e.*, release to a [residential re-entry center] or to home confinement."); *Qureshi v. Sanders*, 563 F.Supp.2d 1154, 1157 (C.D. Cal. 2008) (finding that petitioner's request for placement in a re-entry program was moot after he was released from custody). Thus, this action should be dismissed with prejudice.

Alternatively, this action may be dismissed without prejudice for Petitioner's failure to prosecute or comply with a Court order. Pursuant to Federal Rule of Civil Procedure 41(b), a trial court has discretionary authority to dismiss an action *sua sponte* for a plaintiff's failure to

prosecute or comply with any order of the court. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). The power of the courts "to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629-31; *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) (discussing trial court's Rule 41(b) discretionary authority). As Petitioner failed to respond to Order [28] and has not otherwise pursued this matter,[1] Rule 41(b) dismissal is appropriate.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that Respondent's Motion to Dismiss [27] be GRANTED and that that this action be DISMISSED with prejudice or, alternatively, this action be DISMISSED without prejudice for Petitioner's failure to prosecute and failure to comply with the Court's prior order.

## NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party,

---

[1] The docket reflects no activity from Petitioner since he paid the filing fee on May 27, 2022.

except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 9th day of March, 2023.

s/ Michael T. Parker<br>
United States Magistrate Judge